The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 What is the responsibility of a law enforcement officer to transport an individual in need of immediate confinement defined by the Arkansas Involuntary Commitment law?
RESPONSE
Please note that I have enclosed a copy of a previous Attorney General Opinion (97-232) which addresses this issue. I agree with the conclusion therein that in accordance with A.C.A. § 20-47-210(a)(1),[1] if no other safe means of transporting an individual is available and, based on the particular facts, it appears that the individual poses a clear and present danger to himself or others (§ 20-47-207),[2] then the law enforcement agency that exercises jurisdiction at the site where the individual is physically located must transport the individual to a hospital or to a receiving facility or program. As also noted in Opinion97-232, the initial determination of whether a person poses a clear and present danger to himself or others is made by the law enforcement agency. See Op. 97-232 at 2, citing A.C.A. 20-47-207 (criteria regarding whether a person poses a clear and present danger).
Opinion 97-232 goes on to address the question of which law enforcement agency in particular has this responsibility. It was concluded, following a previous opinion (Op. Att'y Gen. 91-091), that the appropriate law enforcement agencies are generally the sheriff and the police of the respective county and city involved. Opinion 97-232 states:
 If the individual is located in the city, it appears that both the sheriff and police have a responsibility to provide transportation; however, if the individual is located outside the city, then the sheriff is most likely responsible for providing transportation.
Id. at 2.
Sections 20-47-207 and -210 have not been amended following the issuance of Opinion 97-232. I agree with the above conclusions, following the plain language of these provisions.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
Enclosure
[1] This Code section provides in relevant part as follows:
 (a) Whenever it appears that a person is of danger to himself or others, as defined in § 20-47-207, and immediate confinement appears necessary to avoid harm to such person or others:
 (1) An interested citizen may take said person to a hospital or to a receiving facility or program. If no other safe means of transporting such individual is available, it shall be the responsibility of the law enforcement agency that exercises jurisdiction at the site where the individual is physically located and requiring transportation, or unless otherwise ordered by the judge.
[2] Subsection (c) of § 20-47-207 sets forth what must be demonstrated to establish that a person is "a clear and present danger to himself" or "to others."